UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE B.,<br><br>                          Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>                          Defendant. | Case No.: 3:20-cv-00653-RBM<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY'S FEES AND EXPENSES**<br><br>[Doc. 16] |

On April 3, 2020, Plaintiff Bonnie B. ("Plaintiff") filed a complaint against the Commissioner of Social Security, seeking judicial review of the Commissioner's decision denying her application for disability benefits and disabled widow's benefits. (Doc. 1.) On December 28, 2020, the Court issued an order remanding the decision of the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[1] (Doc. 14.)

---

[1] "The fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand to the Commissioner . . . ." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). "Sentence four provides that the district court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing . . . . A sentence four remand has thus been

The parties now stipulate to and jointly move for an award to Plaintiff of attorney's fees and expenses in the amount of **six thousand, five hundred dollars ($6,500)**[2] under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. (Doc. 16 at 1.)

The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment. *See* 28 U.S.C. § 2412(d). "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (internal citation omitted). Given that the undersigned issued a sentence four remand, Plaintiff is the prevailing party for purposes of awarding attorney's fees. "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Id.* (internal citation omitted). Federal Rule of Appellate Procedure 4(a)(1)(B) provides for a sixty-day appeal period in cases in which the United States is a party or a United States officer or employee is sued in an official capacity.

Here, the sixty-day appeal period for the Court's December 28, 2020 order and judgment expired on or about February 26, 2021. As such, the sentence four remand is now a "final judgment" for purposes of the EAJA. FED. R. APP. P. 4(a)(1)(B); *see* 28 U.S.C. § 2412(d). The joint motion for attorney's fees ("Joint Motion") was filed January 26, 2021—well before the time judgment became final for purposes of EAJA and before the time for filing the motion expired under 28 U.S.C. § 2412(d)(1)(B). (Doc. 16.) *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 608 (9th Cir. 2007) (holding that a successful disability applicant may file an application for attorney's fees under EAJA within thirty days of the Rule 4(a) sixty–day appeal period expiring, "regardless of the specific form of the court's judgment, or the particular nature of the government's non-opposition to or

---

characterized as essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Id.* (internal quotations and citations omitted).

[2] It appears Plaintiff's counsel has written off $303.88 in fees and/or expenses, as her invoice reflects a total amount owed of $6,803.88. (Doc. 16 at 1-2.)

acquiescence in an award of benefits."); *see cf. Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988) ("if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires.").

Pursuant to the EAJA, the amount of fees awarded are "based upon prevailing market rates for the kind and quality of the services furnished . . . ." *See* 28 U.S.C. § 2412(d)(2)(A). "[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit's 2020 statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, was $207.78. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Mar. 1, 2021) (citing 28 U.S.C. § 2412 (d)(2)(A)); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6. Although all fees and expenses occurred in 2020, Plaintiff's billable rate is consistent with the 2019 rate. The Ninth Circuit's 2019 statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, was $205.25. "Statutory Maximum Rates Under the Equal Access to Justice Act," https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Mar. 1, 2021).

At an hourly rate of $205.25, the requested fee award represents compensation for approximately 31.20 hours of work performed by Plaintiff's counsel. (Doc. 16-1 at 1-2.) The Court finds the fee request reasonable, particularly in light of the complex issues presented and the briefing prepared. (Docs. 11-13.)

For good cause shown, the Joint Motion is **GRANTED,** subject to the terms of the parties' Motion. Accordingly, the Court **AWARDS** Plaintiff attorney's fees and expenses in the amount of **six thousand and five hundred dollars ($6,500)**.

**IT IS SO ORDERED.**

DATE: March 1, 2021

*[signature]*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE